**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ROXANNE B. CHAPELLE** | **CASE NO. 6:22-CV-05296** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE WHITEHURST** |

# RULING ON OBJECTIONS

Before the Court are Plaintiff Roxanne B. Chapelle's Objections to the Report and Recommendation ("R&R") issued by the Magistrate Judge, wherein she recommends that the Commissioner's finding of non-disability be affirmed.[1] The Commissioner did not file a response. For the reasons that follow, the objections are OVERRULED.

## I.
## STANDARD OF REVIEW

District courts review the Commissioner's denial of social security disability benefits only to ascertain: (1) whether the final decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.[2] Substantial evidence is more than a scintilla but less than a preponderance.[3] "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'"[4] The court

[1] ECF No. 19; *see also* ECF No. 18.
[2] *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)).
[3] *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018); *Webster v. Kijazaki*, 19 F.4th 715, 718 (5th Cir. 2021).
[4] *Salmond* at 812 (quoting *Whitehead* at 779).

may not "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision."[5]

## II.
## THE ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Commissioner (through an Administrative Law Judge or "ALJ") uses a five-step sequential evaluation process to determine whether a claimant is disabled.[6] Pursuant to this process, the Commissioner determines: (1) whether the claimant is currently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the claimant can perform any other substantial gainful activity.[7] A finding at any step that a claimant is or is not disabled ends the analysis.[8] Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity ("RFC"). The RFC is a "function-by-function" assessment of the claimant's ability to do work on a regular and sustained basis in an ordinary work setting.[9] The RFC is then used at the fourth step to determine whether the claimant can still perform his or her past relevant work. If the claimant cannot do his or her pat work, the RFC is used again at the fifth step (along with the claimant's age, education, and work experience) to determine whether the claimant can adjust to other work.[10] The claimant bears the burden of proof on the first four steps; the Commissioner bears the burden at the fifth step.[11]

---

[5] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)
[6] 20 C.F.R. § 416.920(a).
[7] *Id.*; *see also Salmond*, 892 F.3d at 817.
[8] 20 C.F.R. § 416.920(a)(4); *see also Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016).
[9] 20 C.F.R. § 416.945(a)(1); *see also Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).
[10] 20 C.F.R. § 416.920(a)(4)(iv), (v).
[11] *Graves*, 837 F.3d at 592.

In this matter, the ALJ found as follows:

1. Plaintiff has not engaged in substantial gainful activity since August 27, 2020, the alleged onset date.

2. Plaintiff has the following severe impairments: seizure disorder, obesity, diabetes mellitus, and history of cerebral vascular accident.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.

    - Plaintiff has the RFC to perform work at no more than the light exertional level. She can lift and/or carry twenty pounds occasionally, ten pounds frequently; can stand and/or walk six hours in an eight-hour workday; and can sit six hours in an eight-hour workday. Plaintiff can never work around hazards (such as machinery and heights).

4. Plaintiff is capable of performing her past relevant work, and therefore she is not disabled.

5. Alternatively, Plaintiff can adjust to other work.[12]

## III.
## Analysis

### A. Objection No. 1

Plaintiff objects to the Magistrate Judge's conclusion that there was no error in the ALJ's analysis of Plaintiff's mental impairments.[13] According to Plaintiff:

> [T]he ALJ erred in failing to reconcile the RFC with his own findings of mild mental limitations at step two of the sequential evaluation process. Specifically, other than the boilerplate conclusion that "the RFC accounts for the limitations caused by each impairment recited at Finding 2 above," the ALJ's decision does not include any discussion or analysis of how Plaintiff's non-severe mental impairments, in conjunction with her severe cerebral vascular accident impairment, were considered in determining the RFC.[14]

[12] ECF No. 10-1 at 20-27.
[13] ECF No. 19 at 1.
[14] ECF No. 19 at 1 (internal citations omitted).

Plaintiff contends that rather than addressing this argument, the Magistrate Judge summarily concludes that a review of the evidence supports the RFC.[15] Plaintiff asserts the ALJ's purported failure constitutes "legal error" warranting remand.[16]

As noted, at step two, the ALJ found Plaintiff has the following "severe" impairments: seizure disorder, obesity, diabetes mellitus, and history of cerebral vascular accident. The ALJ additionally found Plaintiff's depression and anxiety constitute "non-severe" impairments.[17] In finding the latter impairments "non-severe," the ALJ applied the "special technique" set forth in the governing regulation for evaluating the severity of mental impairments.[18] The ALJ ultimately determined that Plaintiff's mental impairments cause no more than mild limitations in each of the "four broad functional areas" identified in the regulation, and therefore they are non-severe.[19]

Contrary to Plaintiff's objection, the Court finds the ALJ considered all of Plaintiff's impairments (severe and non-severe) in assessing Plaintiff's RFC. As to "poor memory," the ALJ found that "clinical examinations during the relevant period reveal intact memory."[20] The ALJ found Plaintiff's allegation of disabling symptoms to be inconsistent with her activities of daily living and social functioning (which include visiting with family and friends, attending church, watching television, caring for her pet dog, caring for her personal needs, preparation of meals, performance of household chores, shopping, crochet, and management of finances).[21] As to the

---

[15] *Id.* at 2.
[16] *Id.* at 3.
[17] ECF No. 10-1 at 20. "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R.§ 416.922(a); *see also Keel v. Saul*, 986 F.3d 551, 555-56 (5th Cir. 2021).
[18] 20 C.F.R. § 416.920a(a).
[19] ECF No. 10-1 at 20-21. The "four broad functional areas" are: (1) the ability to understand, remember, or apply information; (2) the ability to interact with others; (3) the ability to concentrate, persist, or maintain pace; and (4) the ability to adapt or manage oneself. 20 C.F.R. § 416.920a(c)(3).
[20] ECF No. 10-1 at 24; *see also id.* at 25 (finding clinical exams during relevant time period do not corroborate alleged symptom of poor memory).
[21] *Id.* at 24 (citing to the analysis at step 2, *see id.* at 21).

opinion of Plaintiff's primary care physician (Dr. Charles J. Aswell) that Plaintiff suffers from marked memory deficit and labile, shallow, or course affect, the ALJ found this opinion was not persuasive, because it was inconsistent "with his own treatment records (and objective clinical findings)."[22] As to the opinions of consulting psychologist Dr. Sandra B. Durdin, the ALJ found:

> [Dr. Durdin] opined that [Chapelle's] ability to sustain productivity over a 40-hour workweek was moderately impaired (she was not likely to be dependable because she claimed she was having seizures) and her ability to withstand routine demands, pressure, or expectations was moderately impaired (because she said she was awaiting testing and complained of malaise and said she was not likely to be consistently productive or reliable until she has health answers and symptom relief). The opinion is not persuasive because it appears to be based more upon Claimant's subjective report of limitation than upon Durdin's clinical findings. Moreover, Durdin opined that Claimant's ability to handle familiar routine details was not impaired, her ability to sustain attention for 2 hours was not impaired, her ability to get along with others in a work setting (including co-workers and supervisors) was not impair[ed], and her ability to participate in management of funds was not impaired.[23]

Finally, the ALJ found the April 2021 administrative findings of the State agency medical and psychological consultants (which included an assessment of Plaintiff's non-severe impairments of depression and anxiety) to be persuasive and supported by evidence in the record.[24] Based upon the forgoing, the Court finds the ALJ's decision reflects that he did consider Plaintiff's mental impairments in the RFC evaluation. As stated by Judge Torteya, "consideration does not require incorporation."[25]

---

[22] *Id.* at 25.

[23] *Id.* at 26 (internal citations omitted).

[24] *Id.* at 26 (internal citations omitted).

[25] *Mendoza v. Saul*, 1:20-CV-104, 2021 WL 4555812, at *7 (S.D. Tex. July 21, 2021), *report and recommendation adopted*, 1:20-CV-00104, 2021 WL 4555197 (S.D. Tex. Oct. 5, 2021); *see also Karen Marie M. v. Kijakazi,* 2:20-CV-00416, 2021 WL 6010422, at *6 (D. Idaho Nov. 19, 2021), *report and recommendation adopted sub nom. K.M.M. v. Kijakazi*, 2:20-CV-00416, 2021 WL 5999132 (D. Idaho Dec. 20, 2021)("[W]hat is required of the ALJ in drafting the RFC is *consideration* of a claimant's mild mental health limitations, not universal and inevitable *incorporation* of these limitations into the RFC.); *accord Taylor v. Berryhill*, 17-CV-11444, 2018 WL 3887521, at *6 (E.D. Mich. July 5, 2018), *report and recommendation adopted sub nom. Taylor v. Comm'r of Soc. Sec.*, 17-CV-11444, 2018 WL 3870066 (E.D. Mich. Aug. 15, 2018) .

Further, the ALJ is not necessarily required to incorporate step two findings of mild and non-disabling mental limitations into the RFC determination. Step two "requires only a *de minimis* showing by a claimant."[26] As described by other Circuits, "[s]tep two is merely a threshold determination meant to screen out weak claims."[27] Step two (as it relates to mental health disorders) requires the ALJ to consider the claimaint's functioning in four *broad* functional areas; the RFC is a "function-by-function assessment based upon all of the relevant evidence of an individual's *ability to do work-related activities*."[28] Stated differently, the RFC focuses on how all of the claimant's impairments (physical and mental) impact his or her ability to work.[29] If mental functioning has no impact on a claimant's ability to work, then it will not be incorporated into the final RFC assessment.[30] For all of these reasons, the Court finds no error in the ALJ's assessment of Plaintiff's RFC, and this objection is overruled.

**B. Objection No. 2**

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in evaluating the persuasiveness of the opinions of consulting psychologist, Dr. Sandra Durdin.[31] Specifically, Plaintiff contends the ALJ failed to "articulate how the consistency factor was considered."[32] Plaintiff asserts this alleged failure constitutes "legal error" warranting remand.[33]

---

[26] *Salmond*, 892 F.3d at 817.
[27] *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017); *see also Ray v. Berrhill*, 915 F.3d 486, 492 (7th Cir. 2019).
[28] *Jeansonne v. Saul*, 855 Fed.Appx. 193, 198 (5th Cir. 2021) (alteration in original) (quoting SSR 96-8P, 1996 WL 374184, *3 (July 2, 1996).
[29] 20 C.F.R. § 416.945.
[30] *See Jeansonne* at 197-98.
[31] ECF No. 19 at 3.
[32] *Id.*; *see also* ECF No. 13 at 6-10.
[33] ECF No. 19 at 3-4.

The ALJ is required to "articulate" the persuasiveness of all medical opinions and prior administrative medical findings in the record.[34] In this assessment, the ALJ must consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.[35] The most important factors are supportability and consistency.[36] As to "supportability," the regulation provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."[37] For consistency, the regulation provides that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."[38] Thus, "supportability looks internally to the bases presented by the medical opinion itself," whereas "consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals."[39] The ALJ is required to "explain how [he] considered the supportability and consistency factors."[40] He may (but is not required to) explain how he considered the remaining factors.[41] District courts in this Circuit hold that "while the length of explanation need not be profound," the ALJ must provide an explanation of consistency and supportability that will "allow the court to undertake a meaningful review of whether his reasoning

---

[34] 20 C.F.R. 416.920c.
[35] *Id.*; *see also Webster*, 19 F.4th at 719.
[36] 20 C.F.R. §416.920c(b)(2).
[37] *Id.* at § (c)(1).
[38] *Id.* at § (c)(2).
[39] *Sharon H. v. Kijakazi*, 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022).
[40] 20 C.F.R. § 416.920c(b)(2).
[41] *Id.*

was supported by substantial evidence, and . . . not leave the Court to merely speculate about reasons behind the ALJ's persuasiveness finding or lack thereof."[42]

In this matter, Plaintiff contends the ALJ failed to discuss "the consistency of Dr. Durdin's opinion with the evidence of record," and that this failure constitutes "legal error."[43] In assessing Plaintiff's residual functional capacity, the ALJ considered Plaintiff's alleged symptoms (including symptoms of depression, anxiety, and poor memory) and all relevant evidence.[44] First, he summarized the "objective medical evidence."[45] In January 2021, Plaintiff's primary care physician (Dr. Aswell) "assessed unspecified altered mental status" and ordered an MRI.[46] The subsequent MRI "showed no acute infarct, unchanged from July 2017."[47] In March 2021, Plaintiff's neurologist (Dr. Ariel Antezana) ordered an MRI, which "showed nonspecific white matter disease."[48] In August 2021, Plaintiff saw Dr. Antezana "for routine follow-up treatment of seizures."[49] Although her neurological examination was normal, Dr. Antezana ordered another MRI. The subsequent MRI revealed "(1) Fazekas grade 1 periventricular white matter disease and (2) Fazekas grade 2-3 deep white matter disease, with appearance very similar to a prior study in 2016, but with interval progression."[50] In summarizing the "objective medical evidence," the ALJ found Plaintiff's "allegation of disabling symptoms is not consistent with the objective medical

---

[42] *See e.g. Pearson v. Comm'r of Soc. Sec.*, 1:20-CV-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (internal citations omitted) (collecting cases), *report and recommendation adopted*, 1:20CV00166, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021).
[43] ECF No. 19 at 3.
[44] ECF No. 10-1 at 22. "Symptoms" is defined as the claimant's "own description of [his or her] physical or mental impairment." 20 C.F.R. § 416.902(n).
[45] "Objective medical evidence is medical signs, laboratory findings, or both, as defined in § 416.920(k)." 20 C.F.R. 416.913(a)(1).
[46] ECF No. 10-1 at 23.
[47] *Id.*
[48] *Id.*; *see also id.* at 446-47.
[49] *Id.* at 24 (citation omitted).
[50] *Id.* (citation omitted).

evidence," noting (as pertinent here) that with regard to Plaintiff's allegation of poor memory, "clinical examinations during the relevant period reveal intact memory"[51]

The ALJ then assessed "other evidence" in the record.[52] As to this category of evidence, the ALJ found Plaintiff's allegation of disabling symptoms was "inconsistent with other evidence, such as her activities of daily living and social functioning," and referred back to his step two findings—*i.e.*, that Plaintiff visits with family and friends, attends church, watches television, cares for her pet dog, cares for her personal needs, prepares meals, performs household chores, shops, crochets, and manages her finances.[53] He further noted Plaintiff's "extensive travel" in June 2021 undercut her allegations of disabling symptoms.[54]

The ALJ then evaluated the medical opinions and prior administrative medical findings in the record.[55] In Dr. Aswell's August 12, 2020, Medical Source Statement, he opined (in pertinent part) that Plaintiff has Major Depressive Disorder (with anxiety) and cerebrovascular accident, which cause "marked memory deficit" and "labile, shallow or coarse affect."[56] The ALJ found Dr. Aswell's opinion unpersuasive, because it was "not consistent with his own treatment records (and objective clinical findings) during the relevant period – particularly his clinical findings close-in-

---

[51] *Id.*

[52] *Id.* at 24-25. "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 416.913(a)(3). "Evidence from nonmedical sources is any information or statement(s) from a nonmedical source (including you) about any issue in your claim." *Id.* at (a)(4).

[53] ECF No. 10-1 at 24-25; *see also id.* at 21.

[54] *Id.* at 25.

[55] *Id.* at 25-26. "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [her] impairment(s)," and whether the claimant has impairment-related limitations or restrictions in her abilities: (1) to perform the physical demands of work activities, (2) to perform the mental demands of work activities, (3) to perform other demands of work, such as seeing, hearing, or using other senses, and (4) to adapt to environmental conditions, such as temperature extremes or fumes. 20 C.F.R. 416.913(a)(2). "A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review. . . ." *Id.* at (a)(5).

[56] ECF No. 10-1 at 25.

time to the date of his opinion."[57] The ALJ found the April 2021 administrative medical findings of the medical and psychological consultants to be persuasive. These consultants determined that Plaintiff's impairments (including her "non-severe" impairments of depression and anxiety) limited her to the "performance of work at a reduced range of the light exertional level."[58] The ALJ found the forgoing persuasive, "because the consultants presented relevant objective medical evidence and supporting explanation to support the findings, and the findings are consistent with evidence from other medical sources."[59]

Turning to the April 2021 opinions of Dr. Durdin, the ALJ found:

> [Dr. Durdin] opined that [Chapelle's] ability to sustain productivity over a 40-hour workweek was moderately impaired (she was not likely to be dependable because she claimed she was having seizures) and her ability to withstand routine demands, pressure, or expectations was moderately impaired (because she said she was awaiting testing and complained of malaise and said she was not likely to be consistently productive or reliable until she has health answers and symptom relief). The opinion is not persuasive because it appears to be based more upon Claimant's subjective report of limitation than upon Durdin's clinical findings. Moreover, Durdin opined that Claimant's ability to handle familiar routine details was not impaired, her ability to sustain attention for 2 hours was not impaired, her ability to get along with others in a work setting (including co-workers and supervisors) was not impair[ed], and her ability to participate in management of funds was not impaired.[60]

Based upon all of the forgoing evidence, the ALJ concluded "that although Claimant has medically determinable impairments that could reasonably be expected to produce the alleged symptoms, her statements about the intensity and persistence of the symptoms and the extent to which the

---

[57] *Id.* (noting Aswell's normal findings for Plaintiff on the day he completed the Medical Source Statement; noting his normal findings at a follow-up appointment two months later; and noting his treatment note in May 2021 that Claimant was not disabled).

[58] *Id.* at 26 (internal citation omitted).

[59] *Id.*

[60] *Id.* (internal citations omitted).

symptoms limit her capacity for work are not consistent with the *objective medical evidence* from the relevant period of medical history . . . and *other evidence*."[61]

As seen from the Court's summary of the ALJ's findings, although the ALJ does not explicitly use the term "consistency," he implicitly addresses this factor, such that the Court is not left to "merely speculate" about his reasons for his persuasiveness findings.[62] "A case will not be remanded simply because the ALJ did not use 'magic words.'"[63] The portion of the opinion the ALJ found unpersuasive was based on Plaintiff's subjective statements about the intensity and persistence of her symptoms, which the ALJ had previously found were "not consistent with the objective medical evidence" and activities of daily living.[64] He found Plaintiff's seizure disorder would not affect her dependability in a work setting to the extent she claimed, because the "longitudinal treatment history" did not support her statements regarding the frequency of seizures.[65] In light of the forgoing, the Court finds the ALJ's determination regarding the persuasiveness of Dr. Durdin's opinions is supported by substantial evidence.

Nevertheless, even if the ALJ did err in failing to adequately address the consistency factor with regard to Dr. Durdin, "remand is warranted only if the ALJ's error was harmful."[66] An error is harmless if "it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."[67] It is Plaintiff's burden to show prejudicial or harmful error.[68]

---

[61] *Id.* at 22-23.
[62] *Pearson* at *5.
[63] *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).
[64] ECF No. 10-1 at 23; *see also id.* at 24.
[65] *Id.* at 24.
[66] *Miller v. Kijakazi*, 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (citing *Shineski v. Sanders*, 556 U.S. 396, 407-08 (2009)).
[67] *Keell*, 986 F.3d at 556.
[68] *Miller* at *3 (quoting *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012)).

To satisfy this burden, Plaintiff must show that had the ALJ given further explanation, he would have adopted additional limitations.[69]

Here, Plaintiff argued to the Magistrate Judge (although not in her objections to the R&R) that Dr. Durdin's opinions are consistent with: (1) Plaintiff's allegations regarding the severity of her symptoms, (2) the opinion of Dr. Aswell, and (3) Plaintiff's February 2021 MRI.[70] According to Plaintiff, the ALJ's failure to reference the forgoing evidence in his analysis of Dr. Durdin's opinion constitutes error that is "not harmless," because "[h]ad Dr. Durdin's opinion been properly credited, an RFC limiting Plaintiff to simple, routine, repetitive tasks would have been warranted, as well as restrictions for attendance and adapting to changes in the workplace."[71] If Plaintiff's RFC had included the forgoing restrictions, Plaintiff contends the "available job base" would be significantly eroded, and therefore remand is warranted.[72]

As discussed, the ALJ found Plaintiff's statements about the intensity and persistence of her symptoms and the extent to which they limit her capacity for work were not consistent with the objective medical evidence or Plaintiff's own statements about her activities of daily living and social functioning;[73] he found Dr. Aswell's opinion unpersuasive because it was "not consistent with his own treatment records (and objective clinical findings)";[74] and he found the February 2021 MRI of the brain "showed no acute infarct, unchanged from July 2017."[75] Plaintiff does not argue any of these findings were erroneous. Rather, Plaintiff essentially asks this Court "to reweigh the evidence," which the Court cannot do.[76] Based upon this record, Plaintiff has not

---

[69] *Miller* at *4.
[70] ECF No. 13 at 8-9.
[71] *Id.* at 9.
[72] *Id.* at 10.
[73] ECF No. 10-1 at 23.
[74] *Id.* at 25.
[75] *Id.* at 23 (internal citation omitted).
[76] *Miller* at *4 (citing *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)).

shown that "it inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."[77] Accordingly, this objection is overruled.

## IV.
## CONCLUSION

For the reasons set forth in this Ruling, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, by separate order, Plaintiff's Objections will be overruled, the R&R will be adopted in its entirety, and the Commissioner's decision to deny Plaintiff's application for disability benefits will be affirmed in all respects.

THUS DONE in Chambers on this 16th day of October, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

[77] *Keell*, 986 F.3d at 556.